**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Transwestern Pipeline Company, LLC, a Delaware limited liability company,<br><br>          Plaintiff,<br><br>vs.<br><br>4.1 acres, more or less, of permanent easement located in Maricopa County; et al.,<br><br>          Defendants. | No. CV-07-2301-PHX-LOA<br><br>**ORDER** |

This case was recently randomly reassigned to the undersigned pending full consent by all parties in writing to magistrate-judge jurisdiction pursuant to 28 U.S.C. § 636(c). (docket # 68 - 69) In his reassignment minute order, the formerly-assigned District Judge, the Hon. John W. Sedwick, emphasized "that discovery in this case should be closed as soon as reasonably possible, and trial should commence as soon thereafter as possible." (docket # 68)

A review of the file indicates that this condemnation Complaint was filed on November 26, 2007 wherein Plaintiff seeks to condemn Defendants' property under the Natural Gas Act[1] for use in the construction, maintenance, and operation of a natural gas

---

[1] 115 U.S.C. § 717f(h).

1  pipeline pursuant to a Certificate of Public Convenience and Necessity ("Certificate") issued
2  by the Federal Energy Regulatory Commission ("FERC") on November 15, 2007. The
3  majority of all counsels' and Judge Sedwick's focus and efforts to date have been on
4  Plaintiff's various motions for preliminary injunctions in the 130 or so cases in which
5  Plaintiff sought to obtain immediately possession of numerous properties in Yavapai,
6  Maricopa and Pinal Counties pending a later determination of just compensation for the
7  taking of such properties. Plaintiff requested preliminary injunctions "allowing it to enter
8  the defendant properties being condemned to construct the approximately 260-mile
9  expansion of its existing interstate natural gas pipeline" in accordance with the Certificate
10 approved by FERC. After exercising his discretion pursuant to Fed. R. Civ. P. 42(a) to
11 consolidate all of the Ryley Carlock and Aronson cases for purposes of deciding **immediate**
12 **possession only** and conducting a two and a half day evidentiary hearing, Judge Sedwick
13 denied Transwestern's Renewed Motion for Preliminary Injunction Permitting Immediate
14 Entry and Use of the Defendant Properties and Renewed Motion for Immediate Access and
15 Possession in each of the cases listed in the caption of Judge Sedwick's April 17, 2008 order.
16 (docket # 41 at 37)

17       While Plaintiff may be presently seeking Ninth Circuit relief from Judge
18 Sedwick's April 17, 2008 order via interlockutory appeal, until such time as a stay is entered
19 herein by the Ninth Circuit, the Court will proceed with its responsibilities under the Civil
20 Justice Reform Act, 28 U.S.C. §471 *et seq.*, and Rule 1, F.R.Cv.P., to secure the just, speedy
21 and inexpensive determination of this lawsuit.

22       In his December 17, 2007 order, Judge Sedwick ordered "that the requirement
23 of Rule 26(f) respecting a conference among counsel at least 21 days prior to the Rule 16(b)
24 conference with the court is waived." (docket # 15) In his February 19, 2008 order, he also
25 limited discovery. (docket # 41 at 33) It is believed that the waiver of Rule 26(f) and prior
26 limitations on discovery related solely to the injunctive relief Plaintiff sought, not the case
27 as a whole. It appears that a Rule 16(b) scheduling conference is now in order.
28       On the Court's own motion,

1   **IT IS ORDERED** that Plaintiff and Defendants shall file their written election
2   to consent to magistrate-judge jurisdiction on or before **Monday, July 7, 2008** or this action
3   will be reassigned back to Judge John W. Sedwick for all further proceedings..

4   **IT IS FURTHER ORDERED**:

5   (1) designating this a standard track case pursuant to LRCiv 16.2(b)(3).

6   (2) that a scheduling conference is hereby set pursuant to Rule 16(b),
7   F.R.Civ.P., before the undersigned on **Tuesday, July 15, 2008, at 10:00 a.m.** in the
8   undersigned's chambers, Suite 322, Third Floor, Sandra Day O'Connor United States
9   Courthouse, 401 West Washington Street, Phoenix, AZ.  Lead counsel for each party shall
10  be physically present and shall have his client's authority to enter into binding stipulations
11  and make admissions regarding all matters which may be discussed. Rule 16(c),
12  FED.R.CIV.P.

13  Parties are directed to meet **at least ten (10) days** before the conference, in
14  accordance with Rule 26(f), F.R.Civ.P., to discuss the following matters:

15  A.  Any matters relating to jurisdiction or venue or the joinder of additional
16  parties;

17  B.  The nature and bases of their claims and defenses and the possibilities for
18  a prompt settlement or resolution of the case;

19  C.  A schedule of all pretrial proceedings;

20  D.  Modification of pretrial procedures due to the simplicity or complexity of
21  the case;

22  E.  Any other matters which counsel believe may help dispose of the matter
23  in an efficient manner.

24  F.  Counsel shall file with the Court by **5:00 p.m. on or before Thursday,**
25  **July 10, 2008**, a proposed **Joint Case Management Report**, consistent with Judge
26  Sedwick's directive "that discovery in this case should be closed as soon as reasonably
27  possible, and trial should commence as soon thereafter as possible," docket # 68, reflecting
28

1 the results of their meeting and outlining the discovery plan. The report shall include
2 individually numbered brief statements indicating:
3     1. The nature of the case: the factual and legal basis of plaintiff's claims and
4 defendants' defenses.
5     2. The factual and legal issues genuinely in dispute and whether they can be
6 narrowed by stipulation or motions.
7     3. The federal jurisdictional basis of the case citing specific statutes.
8     4. The parties, if any, that have not been served.
9     5. Whether there are dispositive or partially dispositive issues to be decided
10 by pretrial motions.
11     6. The status of related cases pending before other Judges of this District Court
12 or before the Ninth Circuit Court of Appeals.
13     7. Suggested changes, if any, in the limitations on discovery imposed by Rule
14 26(b)(2), F.R.Civ.P., to minimize the expense of discovery.
15     8. A statement of whether initial disclosures were made or will be made, or
16 any proposed changes in the requirements for initial disclosures set forth in Rule 26(a),
17 F.R.Civ.P.
18     9. Proposed deadlines for:
19         (a) filing motions to amend pleadings and motions to
20 join additional parties;
21         (b) disclosure of expert testimony under Rule 26(a)(2)(C), F.R.Civ.P.;
22         (c) completing discovery;
23         (d) filing dispositive motions; and
24         (e) filing a pretrial statement
25         (f) suggested date(s) for the final pretrial conference and trial.
26     10. Estimated length of trial.
27     11. Whether a jury trial has been requested.
28

1                    12.  The prospects for settlement.  Does any party wish to have a settlement
2  conference before this or another Magistrate Judge? How can settlement efforts be assisted?
3                    13.  Any unusual, difficult, or complex problems affecting the conduct of the
4  case.
5                    14.  Any other matters which counsel believe will aid in expediting the
6  disposition of this matter more quickly.
7           After the conference and pursuant to Rule 16(b), FED.R.CIV.P., the Court will
8  enter orders limiting the time within which counsel may file pretrial motions, complete
9  discovery, and file dispositive motions. The Court's order shall control the course of this
10 action unless modified by subsequent order. Counsel are forewarned that the Rule 16
11 deadlines it will set at the Rule 16(b) scheduling conference are real and the Court intends
12 to enforce the deadlines set forth in its scheduling order. Counsel should plan their litigation
13 activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1
14 (D. Ariz. 2006); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994) ("[F]ederal
15 Rule of Civil Procedure 16 is to be taken seriously.").
16          **IT IS FURTHER ORDERED** that the parties shall keep the Court apprised
17 of the possibility of settlement and should settlement be reached, the parties shall
18 immediately file a Notice of Settlement with the Clerk of the Court with a copy to this
19 Court's chambers. LRCiv 40.2(d).  This Court views compliance with the provisions of this
20 Order as critical to its case management responsibilities and the responsibilities of the parties
21 under Rule 1 of the Federal Rules of Civil Procedure.
22          The Rule 16(b) scheduling conference may be vacated upon chamber's timely
23 receipt of a Stipulation for Dismissal of this action signed by all counsel of record.
24          **IT IS FURTHER ORDERED** that counsel and any unrepresented party shall
25 use the following number and initials on all pleadings and documents filed herein until
26 further order of the Court: No. CV-07-2301-PHX-LOA.
27          **IT IS FURTHER ORDERED** that counsel and any party, if unrepresented,
28 shall hereinafter comply with the Rules of Practice for the United States District Court for

- 5 -

1  the District of Arizona, as amended on December 1, 2007.  The District's Rules of Practice
2  may be found on the District Court's internet web page at www.azd.uscourts.gov/.  All other
3  rules may be found at www.uscourts.gov/rules/.

DATED this 9th day of June, 2008.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge